IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 MAR 14  P 4:03

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| RLI INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:07cv230-WKW |
| | ) |
| TOWN OF MOSSES, ALABAMA, and | ) |
| ALICIA SHUFORD-GORDON, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

The Plaintiff, RLI Insurance Company, states the following facts in support of this action for declaratory judgment and other relief:

### PARTIES

1.  The Plaintiff, RLI Insurance Company ("RLI") is incorporated under the laws of Illinois with its principal place of business in Peoria, Illinois.

2.  The Defendant Town of Mosses, Alabama ("Defendant Mosses") is a municipality incorporated under the laws of Alabama and located in Lowndes County, Alabama.

3.  The Defendant Alicia Shuford-Gordon ("Defendant Gordon") at all times relevant to this action, was the Town Clerk of Mosses, Alabama. Defendant Gordon is a resident citizen of Lowndes County, Alabama.

### JURISDICTION AND VENUE

4.  Jurisdiction is vested in this court by diversity of citizenship under 28 U.S.C. Section 1332, in that this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.  Venue is proper in this district and division, pursuant to Title 28 U.S.C. § 1391(a), in that the defendants are resident citizens of the Middle District of Alabama, Northern Division.

## FACTS

6.  Upon information and belief the Defendant Mosses was incorporated in 1979. The first mayor of Defendant Mosses was Joseph Bell. Mr. Bell was the Mayor from 1979 until 1996. Mayor Walter Hill succeeded Mayor Bell and served as Mayor from 1996 until 2004. Mayor William Scott defeated Walter Hill in the election of 2004. Incumbent Mayor William Scott first became a member of the town council of the Defendant Mosses upon his election in 1996.

7.  Defendant Mosses operates under the Mayor/Council form of government under the provisions of Chapter 43, Title 11 *Code of Alabama*, (1975).

8.  At all times pertinent to the matters alleged in the Complaint, the legislative functions of Defendant Mosses have been delegated to its council composed of the mayor and five council members under the provisions of §11-43-2 *Code of Alabama* (1975).

9.  At all times pertinent to the matters alleged in the Complaint, the Mayor of Defendant Mosses has been the Chief Executive Officer of the municipality and has been delegated the supervision and control over all officers and affairs of the town and exclusive authority to supervise and control the administrative personnel of the town. *Attorney General's Opinion to Hon. Gilbert Watson*, October 8, 1957; *see also*, § 11-43-81 *Code of Alabama*, (1975, as amended).

10. At all times pertinent to the matters alleged in the Complaint, Defendant Gordon was the Town Clerk for the Defendant Mosses elected under the provisions of §11-43-4 *Code of Alabama* (1975).

11. In 1999, Plaintiff RLI issued its public official surety bond in the amount of $100,000 wherein Defendant Gordon appears as principal and Defendant Mosses is named as obligee. A copy of the Surety Bond is attached hereto as Exhibit A and incorporated herein by reference.

11. The Defendant Mosses filed a notice of claim form with Plaintiff RLI in October 2004 asserting that Defendant Gordon breached her duties as Town Clerk causing it a loss in excess of $100,000. Defendant Mosses claims: (a) that Defendant Gordon as Clerk failed to pay certain quarterly employee payroll taxes for a period of time from approximately June 2001 until December 2003; (b) in connection with the failure to pay payroll taxes, Defendant Mosses claims its costs incurred in the employment of a tax consultant which assisted it with reference to the foregoing failure to remit payroll taxes to the Internal Revenue Service; (c) that Defendant Gordon failed to pay a series of debts incurred by Defendant Mosses during the time Defendant Gordon served as Town Clerk.

12. After extensive investigation, Plaintiff RLI has determined that it is not obligated under the subject surety bond for the following separate and several reasons: (a) Defendant Mosses has failed to present evidence supporting any defalcation on the part of Defendant Gordon under the subject surety bond; (b) Defendant Gordon paid those bills she was instructed to pay by the town government; (c) Defendant Mosses had insufficient funds with which to pay the debts and charges referred to in Paragraph 11 above; (d) the Town Council and Mayor of Defendant Mosses approved expenditures on the town's behalf that exceeded the town revenue; (e) Defendant Gordon as Town Clerk was without discretion to determine which debts or charges should be paid, for that such matters are within the specific authority of the Mayor and Town Council as a matter of law; (f) the asserted claim by the Defendant Mosses does not constitute a

loss to the Defendant Mosses and does not constitute a loss payable under the subject surety bond; (g) the claimed loss for expenses and other charges are not covered under the subject surety bond; and (h) certain claims of the Defendant Mosses are barred by the Statute of Limitations.

13.  There exists a justiciable controversy between the parties hereto, such as is proper for resolution by way of the Federal Declaratory Judgment Act, 28 USC §2201, et seq. and Defendants Mosses and Gordon are necessary and proper parties to this action as claimant and principal under the subject surety bond.

WHERFORE, Plaintiff RLI Insurance Company demands the following relief: (a) that the Court enter a declaratory judgment declaring that Plaintiff RLI has no obligation to Defendant Mosses for the claim made herein; (b) should Plaintiff RLI be mistaken with respect to its entitlement to the relief demanded at (a) above, that this Court determine the amount, if any, of any obligation to Defendant Mosses and that concurrently a judgment be entered against Defendant Gordon for the amount thereof to which Plaintiff RLI will be subrogated upon payment; (c) that the Court grant Plaintiff RLI such other further or different relief to which it may be entitled; and (d) that the costs herein be taxed against the Defendants.

_____
ERIS BRYAN PAUL
Attorney for Plaintiff,
RLI Insurance Company

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148

Phone: (334) 387-7680
Fax:   (334) 387-3222