N THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RLI INSURANCE COMPANY/ PLAINTIFF/COUNTERCLAIM DEFENDANT | ) ) ) ) |
| vs. | ) Case No.: 2:07-cv-00230-WKW-SRW |
| TOWN OF MOSSES, ALABAMA, and ALICIA SHUFORD-GORDON, | ) ) ) |
| Defendants. | ) |

## ANSWER TO COUNTERCLAIMS

Comes Now the Plaintiff, RLI Insurance Company, by and through its undersigned counsel and answers the Defendant Town of Mosses, Alabama's Counterclaims as follows:

### FIRST DEFENSE

1.  The Plaintiff RLI Insurance Company incorporates its Complaint as if fully set out herein.

2.  Outside of the facts specifically admitted in the Complaint, the Plaintiff, RLI Insurance Company denies the facts alleged by the Town of Mosses in its Answer and Counterclaims.

### SECOND DEFENSE

The Counterclaim Defendant pleads the general issue and demands strict proof thereof.

### THIRD DEFENSE

The Counterclaim Plaintiff fails to state a claim upon which relief maybe granted.

### FOURTH DEFENSE

The Counterclaim Defendant denies any wrongful, improper, negligent or wanton conduct.

**FIFTH DEFENSE**

The Counterclaim Defendant denies that the incident referred to in the Counter Plaintiff's Complaint was the proximate cause of the injuries or damages allegedly sustained by the Counterclaim Plaintiff.

**SIXTH DEFENSE**

The Counterclaim Defendant pleads an intervening and superseding act, which proximately resulted in the damages or injuries allegedly sustained by the Counterclaim Plaintiff.

**SEVENTH DEFENSE**

The Counterclaim Defendant avers that the Counterclaim Plaintiff has failed to mitigate its damages.

**EIGHTH DEFENSE**

The Counterclaim Plaintiff is estopped from claiming damages in excess of the prior sworn proof of claim.

**NINTH DEFENSE**

Under the express provisions of the bond, The Town of Mosses has not adequately provided documentation supporting their claim to the Counterclaim Defendant.

**TENTH DEFENSE**

The Counterclaim Plaintiff may not recover under the bond due to the fact that it is in breach of the contract in question.

**ELEVENTH DEFENSE**

The Counterclaim Plaintiff's bad faith claim fails as a matter of law because a surety bond is not an insurance contract.

## TWELFTH DEFENSE

The Counterclaim Defendant is not guilty of the matters alleged in the Counterclaim and demands strict proof thereof.

## THIRTEENTH DEFENSE

The Counterclaim Defendant has not breached the terms and conditions of the surety bond.

## FOURTEENTH DEFENSE

The Counterclaim Plaintiff cannot prove damages.

## FIFTEENTH DEFENSE

1. Counterclaim Defendants aver that the Complaint fails to state a claim upon which punitive damages may be awarded to Counterclaim Plaintiffs.

2. Counterclaim Defendants aver that any award of punitive damages to the Counterclaim Plaintiffs in this case will be violative of the constitutional safeguards provided to Counterclaim Defendant under the Constitution of the State of Alabama.

3. Counterclaim Defendants aver that any award of punitive damages to the Counterclaim Plaintiffs in this case will be violative of the constitutional safeguards provided to Counterclaim Defendants under the Constitution of the United States of America.

4. Counterclaim Defendants aver that any award of punitive damages to the Counterclaim Plaintiffs in this case will be violative of the constitutional safeguards provided to the Counterclaim Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

5. Counterclaim Defendants aver that any award of punitive damages to the Counterclaim Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

6. Counterclaim Defendants aver that any award of punitive damages to the Counterclaim Plaintiffs in this case will be violative of the procedural safeguards provided to Counterclaim Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Counterclaim Defendants are entitled to the same procedural safeguards accorded to criminal Counterclaim Defendants.

7. It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against these Counterclaim Defendants punitive damages, which are penal in nature, yet compel Counterclaim Defendants to disclose documents and evidence.

8. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against these Counterclaim Defendants punitive damages, which are penal in nature, yet compel Counterclaim Defendants to disclose documents and evidence.

9. Counterclaim Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

    a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Counterclaim Defendant upon the Counterclaim Plaintiffs' satisfying

        a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Counterclaim Defendants, which hereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    d)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    e)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

    f)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Counterclaim Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

10.    Counterclaim Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

    a)    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Counterclaim Defendant upon the Counterclaim Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Counterclaim Defendant;

  c)  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

  d)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

  e)  The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

  f)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Counterclaim Defendant.

11. Counterclaim Plaintiffs' attempt to impose punitive or extracontractual damages on these Counterclaim Defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

12. The award of punitive damages to the Counterclaim Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

13. The award of punitive damages against these Counterclaim Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

14. The Complaint fails to state a claim for punitive damages under <u>Alabama Code</u> §§ 6-11-20 to 6-11-30 (1975) and is barred.

## SIXTEENTH DEFENSE

This defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at ALA.CODE §6-11-21 (Repl. Vol. 1993).

**SEVENTEENTH DEFENSE**

The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

**EIGHTEENTH DEFENSE**

Under the constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision.  See:  <u>Honda Motor Company, Ltd. v. Oberg</u>, 114 S.Ct. 2331, 129 L.Ed. 2d 336 (1996).

**NINTEENTH DEFENSE**

With respect to the plaintiffs' demands herein for punitive damages, the defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards as articulated in <u>BMW of North America v. Gore</u>, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

**TWENTIETH DEFENSE**

Defendant avers the Plaintiff's claim for punitive damages is unconstitutional in that it violates the due process clause of the Fourteenth Amendment to the United States Constitution in that it allows for arbitrary changes in permitted punishment for prescribed acts as condemned by the *ex post facto* clause of Article 1, Section 10(1) of the United States Constitution.

**TWENTY-FIRST DEFENSE**

The Defendant avers that the existing law of Alabama with respect to punitive damages is unconstitutional in that it is impermissibly vague and incomprehensible in that no standard is given a jury for determining the amount to be awarded.

### TWENTY-SECOND DEFENSE

The Defendant avers the plaintiff's claim under Alabama law for punitive damages is unconstitutional in that it violates the Federal Constitution prohibition against the imposition of excessive fines and bail as provided by the Eighth Amendment to the United States Constitution, applicable to the State of Alabama by virtue of the Fourteenth Amendment to the United States Constitution, as well as Article I, Section 15 of the Constitution of Alabama.

### TWENTY-THIRD DEFENSE

The Defendant avers that the plaintiff's under Alabama law for punitive damages is unconstitutional, and it violates the Fourteenth Amendment due process clause of the United States Constitution as it involves state action in arbitrary and discriminatory assessment of damages without objective criteria and subsequent deprivation of property and liability interests.

### TWENTY-FOURTH DEFENSE

To the extent jury awards future damages, the award must conform with Ala. Code § 6-11-3. In Vaughn v. Oliver, 2001 WL 1143713 (Ala.), the Alabama Supreme Court recently instructed a trial court to amend a judgment to conform with Ala. Code § 6-5-543 (b), which is substantially similar to § 6-11-3. Because, the Alabama Supreme Court had enforced § 6-5-543 (b), this Court should overrule Clark v. Container Corp. Of America, Inc., 589 So.2d 184 (Ala. 1991) and apply § 6-11-3.

### TWENTY-FIFTH DEFENSE

On May 14, 2001, the United States Supreme Court released its decision in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 121 S. Ct. 1678 (2001), holding that the amount of punitive damages "is not really a fact tried by the jury," and the right to jury trial is therefore not implicated. The Court pointed to a fundamental difference between compensatory and

punitive damages. Whereas compensatory damages are "essentially a factual determination," punitive damages are "an expression of moral condemnation" that essentially constitutes a conclusion of law. The Court cited the Eighth Amendment in explaining that constitutional excessiveness protections apply to both criminal and civil punishments. It says such punishments should be determined by a Court as a matter of law, rather than by juries as a matter of fact. Thus, Plaintiffs in a civil case do not have the right to trial by jury with respect to punitive damages. The case of Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 121 S. Ct. 1678 (2001), has been endorsed by the Alabama Supreme Court in Horton Homes, Inc. v. Brooks, 832 So. 2d 44 (Ala. 2001).

### TWENTY-SIXTH DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of

property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-SEVENTH DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against these Defendants, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

### TWENTY-EIGHTH DEFENSE

Counterclaim Defendant reserves the right to amend this Answer as discovery progresses.


/s/ Eris Bryan Paul
ERIS BRYAN PAUL  (PAU014)
Attorney for the Plaintiff/Counterclaim Defendant

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:    (334) 387-3222

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 3, 2007, I electronically filed the foregoing with the Clerk of the Court, using the ALAFILE system which will send notification of such filing to the following registered persons and that those persons not registered with the ALAFILE system were served by U.S. mail:

Town of Mosses
Attn: Town Clerk
Post Office Box 296
Hayneville, AL 36040

Eris Bryan Paul
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, AL 36102-2148

                                            /s/ Eris Bryan Paul
                                            OF COUNSEL